[No. 15934.   Department One.—January 21, 1896.]

GRACE M. LEWIS, APPELLANT, *v.* JOSEPH T. TERRY
ET AL., RESPONDENTS.

PLEADING.—Statement of facts in complaint held sufficient to show liability
of vendors of chattel for injury resulting to third person from latent
defect in the chattel.

ID.—WARRANTY—BREACH OF CONTRACT—UNKNOWN DEFECT—PRIORITY.—
When a tradesman sells or furnishes for use an article which is actually
unsound and dangerous, but which he believes to be safe, and warrants
accordingly, he is not liable for injuries resulting from the defective or
unsafe condition to a person who was neither a party to the contract
with him, nor one for whose benefit the contract was made.

ID.—SALE WITH KNOWLEDGE OF CONCEALED DEFECT—PRIVITY NOT RE-
QUIRED—LIABILITY FOR TORT.—One who sells an article which he

knows to be dangerous because of concealed defects, without notice of its nature and qualities, commits a wrong, independent of the contract, and is liable under the law of torts to any other person who is not himself in fault, though not in privity of contract with him, for any injury which may reasonably be contemplated as likely to result, and which does in fact result therefrom.

ID.—BED NOT ORDINARILY DANGEROUS—NEGLIGENCE — MISREPRESENTATIONS OF DEFECT.—The fact that a bed is not ordinarily a dangerous instrument, though important to be considered, in case of mere negligence, cannot aid a vendor who has represented a folding bed sold by him to be safe, when known by him to be really unsafe, but would in such case rather enhance the wrong of such misrepresentation by rendering the danger more insidious.

ID.—CULPABLE INTERVENING CAUSE—KNOWLEDGE OF PURCHASERS.—In order to render the purchasers of the unsafe and defective folding bed a culpable intervening cause, so as to relieve the vendors from liability for injury to their tenant, it must be proved that the purchasers knew of the defect in the structure of the bed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. WALTER H. LEVY, Judge.

The facts are stated in the opinion.

*Henry N. Clement,* and *Clement, Cannon, Kline & Steadley,* for Appellant.

Where a manufacturer sells an article which is so defectively constructed as to render it dangerous to human life, and a third person is injured by reason of such defective construction, the manufacturer is liable in damages to such third person for his injury, for the reason that a duty devolves upon the manufacturer toward third persons, independently of any privity of contract, to use care in the construction of such article; and this rule applies to vendors having knowledge of the defects. (*Heaven* v. *Pender,* L. R. 11 Q. B. Div. 506; *Thomas* v. *Winchester,* 6 N. Y. 397; 57 Am. Dec. 455; *Coughtry* v. *Globe Woolen Co.,* 56 N. Y. 124; 15 Am. Rep. 387; *Devlin* v. *Smith,* 89 N. Y. 470; 42 Am. Rep. 311; *Wellington* v. *Downer etc. Oil Co.,* 104 Mass. 64; *Davidson* v. *Nichols,* 11 Allen, 519, 520; *McDonald* v. *Snelling,* 14 Allen, 290, 295; 92 Am. Dec. 768; *Norton* v. *Sewall,* 106 Mass. 143; 8 Am. Rep. 298; *Elkins* v. *Mc-*

*Kean,* 79 Pa. St. 493; *Hourigan* v. *Nowell,* 110 Mass. 470;
Whittaker's Smith on Negligence, 10–17, note; *Calla-
han* v. *Warne,* 40 Mo. 131; Thompson on Negligence,
sec. 2, p. 232; Shearman and Redfield on Negligence,
sec. 117; *Davis* v. *Guarnieri,* 45 Ohio St. 470; 4 Am. St.
Rep. 518; *Fleet* v. *Hollenkemp,* 13 B. Mon. 219; 56 Am.
Dec. 563.) The respondents are liable because of their
false representation as to the safety of the bed, inde-
pendently of any privity of contract, as they had full
knowledge that the beds were dangerous to all who
should use them. (*Langridge* v. *Levy,* 2 Mees. & W. 519,
531; 4 Mees. & W. 337; Shearman and Redfield on Neg-
ligence, 4th ed., sec. 117; *Wellington* v. *Downer etc. Oil
Co., supra; Heizer* v. *Kingsland etc. Mfg. Co.,* 35 Cent. L.
J., 108; 1 Wait's Actions and Defenses, 137, 138.)

*George E. Lawrence,* for Respondent.

This action, being based upon contract, cannot be
maintained for the reason that the complaint shows
there was no privity of contract between plaintiff and
defendants. (*Boswell* v. *Laird,* 8 Cal. 469; 68 Am. Dec.
345; *Fanjoy* v. *Seales,* 29 Cal. 249; *Winterbottom* v.
*Wright,* 10 Mees. & W. 109; *Burdick* v. *Cheadle,* 26 Ohio
St. 393; 20 Am. Rep. 767; *Maguire* v. *Magee,* 13 Atl.
Rep. 551; *Necker* v. *Harvey,* 49 Mich. 518; *Savings Bank*
v. *Ward,* 100 U. S. 195; *Deford* v. *State,* 30 Md. 195;
*Marvin Safe Co.* v. *Ward,* 46 N. J. L. 19; *Sproul* v. *Hem-
mingway,* 14 Pick. 1; 25 Am. Dec. 350; *Mann* v. *Chicago
etc. R. R. Co.,* 86 Mo. 347, 350; *Lampert* v. *Gaslight Co.,*
14 Mo. App. 376; *Gordon* v. *Livingston,* 12 Mo. App. 267;
*Roddy* v. *Missouri Pac. Ry. Co.,* 104 Mo. 234; 24 Am. St.
Rep. 333; *Blakemore* v. *Bristol etc. Ry. Co.,* 8 El. & B.
1035; *Rapson* v. *Cubitt,* 9 Mees. & W. 710; *Nickerson* v.
*Bridgeport Hydraulic Co.,* 46 Conn. 24; 33 Am. Rep. 1;
*Davis* v. *Clinton Water Works Co.,* 54 Iowa, 59; 37 Am.
Rep. 185; 1 Thompson on Negligence, 232–38; *Collis* v.
*Selden,* L. R. 3 Com. P. 495; *Cattle* v. *Stockton Water Works
Co.,* L. R. 10 Q. B. 453. See, also, Dicey on Parties, c. 4,
rule 11; Wharton on Negligence, 2d ed., 367–69.) A

manufacturer is only liable to the purchaser of goods
manufactured, for defective materials and want of care
and skill in the construction of the article sold. ( *Win-
terbottom* v. *Wright, supra; Losee* v. *Clute,* 51 N. Y. 494;
10 Am. Rep. 638; *Loop* v. *Litchfield,* 42 N. Y. 351; 1
A.m. Rep. 543; *Jones* v. *George,* 61 Tex. 345; 48 Am.
Rep. 280; *Mayor* v. *Cunliff,* 2 N. Y. 171, 174, 180; *Bailey*
v. *Mayor,* 3 Hill, 531; 38 Am. Dec. 669.) This action
cannot be maintained on the ground of negligence for
the reason that duty is an essential element, and de-
fendants owed no duty to plaintiff. (Shearman and
Redfield on Negligence, 4th ed., sec. 8; *Savings Bank* v.
*Ward, supra, Losee* v. *Clute, supra; Marvin Safe Co.* v.
*Ward, supra; Nickerson* v. *Bridgeport Hydraulic Co., supra;*
*Winterbottom* v. *Wright, supra; Heaven* v. *Pender,* L. R. 9
Q. B. Div., 302; 11 Q. B. Div. 503, reversed on other
grounds, but approved as to this; *Thomas* v. *Winchester,*
6 N. Y. 397; 57 Am. Dec. 455; *Curtin* v. *Somerset,* 140
Pa. St. 80; 23 Am. St. Rep. 220; Dicey on Parties,
390–401; 2 Thompson on Negligence, sec. 2, p. 1227;
*Longmeid* v. *Holliday,* 6 Ex. 761.) This folding bed
cannot be termed a dangerous instrument. (*Loop* v.
*Litchfield, supra; Heizer* v. *Kingsland etc. Mfg. Co.,* 110
Mo. 615, 616; 33 Am. St. Rep. 482; *Roddy* v. *Missouri
Pac. Ry. Co., supra; Heaven* v. *Pender, supra; Devlin* v.
*Smith,* 89 N. Y. 470; 42 Am. Rep. 311; *Wellington* v.
*Downer etc. Oil Co.,* 104 Mass. 64; *McDonald* v. *Snelling,*
14 Allen, 290; 92 Am. Dec. 768; *Norton* v. *Sewall,* 106
Mass. 143; 8 Am. Rep. 298; *Elkins* v. *McKean,* 79 Pa.
St. 493; Whittaker's Smith on Negligence, 10; *Callahan*
v. *Warne,* 40 Mo. 131; *Davis* v. *Guarnieri,* 45 Ohio St.
470; 4 Am. St. Rep. 548.) Fraud in misrepresentation
can only be sued on by the person to whom, or to whom
it is intended the statement shall be made, and who in
consequence thereof, and confiding therein, has been
injured. (8 Am. & Eng. Ency. of Law, 643; *Langridge*
v. *Levy,* 2 Mees. & W. 519; 4 Mees. & W. 337; *Blakemore*
v. *Bristol etc. Ry. Co., supra;* Civ. Code, sec. 1572; Wood's
Mayne on Damages, 1st Am. ed., sec. 83, p. 116; 5 Am.

& Eng. Ency. of Law, 331–33, and authorities cited; *Parsley* v. *Freeman*, 3 Term Rep. 51.)

BRITT, C.—It is alleged in the complaint in this case, among other things, that defendants were engaged as copartners in the business of selling household furniture, and that among the wares dealt in by them were certain folding beds, which were represented and warranted by defendants to their customers and the public to be safe for use; that defendants in the course of said business sold and delivered one of said beds to a Mr. Apperson and his wife, and expressly represented and warranted to them that such bed was so constructed that it would stand upright against the wall, and when wanted for use its front could with little effort be lowered to a horizontal position by means of hinges at the bottom; that a solid piece of iron inclosed in the framework at the back of the bed, acted as a balance to the front part while being lowered, and rendered it easy to raise or lower the same with perfect safety; that as soon as the front part was lowered the legs of the same would automatically descend and securely lock themselves, so that the outer end of the bed would be firmly supported in its horizontal position upon its said legs. It is further alleged that there was an inherent and latent defect in said bed so that the said legs would sometimes fail to adjust and secure themselves, with the result that if any weight should be placed on the bed the heavy upright frame would be precipitated with such force upon the lowered portion of the bed as to crush, wound, and even kill anyone reclining thereon, and that such defect rendered the bed dangerous to all who might use it. That defendants, with full knowledge of such defect and of such danger, sold the bed to the Appersons without warning them thereof, and assured them that it was perfectly safe. That plaintiff rented a room from the Appersons, and on the day the bed was purchased from defendants by them it was placed in such room for plaintiff to sleep on. That a few days

later the plaintiff, being about to retire for the night, opened and let down the bed, and, the legs thereof being apparently secure, she, in the course of her preparations for retiring, leaned with her left arm upon the side of the bed; and while she was in this attitude the heavy upright framework of the bed fell forward and downward upon the horizontal part and upon the plaintiff, breaking her arm and otherwise injuring her, to her damage, etc. A demurrer to this complaint on the ground that it fails to state facts sufficient to constitute a cause of action was sustained, and judgment passed for defendants.

The complaint is faulty in not stating directly that the fall of the bed was caused by the latent defect described, but as the argument of the parties has proceeded on the theory that such was the fact we may join in that assumption. (*Schubert* v. *J. R. Clark Co.*, 49 Minn. 335; 32 Am. St. Rep. 559.) We agree that the action cannot be sustained on the ground of any privity of contract between plaintiff and defendants, for there was none. If a tradesman sells or furnishes for use an article actually unsound and dangerous, but which he believes to be safe and warrants accordingly, he is not liable for injuries resulting from its defective or unsafe condition to a person who was neither a party to the contract with him, nor one for whose benefit the contract was made. (*Coughtry* v. *Globe Woolen Co.*, 56 N. Y. 127; 15 Am. Rep. 387; *Heizer* v. *Kingsland Mfg. Co.*, 110 Mo. 605; 33 Am. St. Rep. 482; *Winterbottom* v. *Wright*, 10 Mees. & W. 109, the leading case; Shearman and Redfield on Negligence, sec. 116; 1 Beven on Negligence, 60, et seq.) But when the seller, as in the case made by the complaint before us, represents the article to be safe for the uses it was designed to serve, when he knows it to be dangerous because of concealed defects, he commits a wrong independent of his contract, and brings himself within the operation of a principle of the law of torts. "It is well settled that a man who delivers an article, which he knows to be danger-

ous or noxious, to another person, without notice of its nature and qualities, is liable for any injury which may be reasonably contemplated as likely to result, and which does in fact result therefrom, to that person or any other who is not himself in fault." *Wellington* v. *Downer etc. Oil Co.*, 104 Mass. 64, per Gray, J.; *Schubert* v. *J. R. Clark Co., supra; Elkins* v. *McKean*, 79 Pa. St. 493; Shearman and Redfield on Negligence, sec. 117; see Civ. Code, secs. 43, 1708.) The liability of the willful wrongdoer in like instances is recognized in several cases cited in support of the judgment: *Longmeid* v. *Holliday*, 6 Ex. 765; *Heizer* v. *Kingsland Mfg. Co., supra.*

The fact insisted upon by respondent that a bed is not ordinarily a dangerous instrumentality is of no moment in this case; if mere nonfeasance or perhaps misfeasance were the extent of the wrong charged against defendants that consideration would be important (*Thomas* v. *Winchester*, 6 N. Y. 397; 57 Am. Dec. 455); but the fact that such articles are in general not dangerous would seem to enhance the wrong of representing one to be safe for use when known to be really unsafe, for the danger is thus rendered more insidious.

Nor is the further point that the chain of causation implicating defendants in the injury was broken by the intervention of the Appersons as the persons who furnished the bed immediately to the plaintiff, available to defendants on this appeal. To have that effect it must appear that the Appersons knew of the defect in the structure of the bed, and so were a culpable intervening cause, and this does not appear on the face of the complaint. (*Pastene* v. *Adams*, 49 Cal. 87; 1 Beven on Negligence, 76.) The judgment should be reversed, with instructions to the court below to overrule the demurrer.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the

judgment is reversed, with instructions to the court below to overrule the demurrer.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.