143 So. 553

## PEOPLE'S AUTO CO. v. STAPLES.

### 4 Div. 656.

Supreme Court of Alabama.
Oct. 6, 1932.

T. S. Frazer, of Union Springs, for appellant.

· Cope & Cope, of Union Springs, for appellec.

BOULDIN, J.

The action is for deceit in the sale of an automobile.

The complaint charges in effect that defendant, through its authorized agent, falsely represented that the automobile was new, when in fact it was a used or secondhand car, that the agent knew such representation was false, and made same with intent to deceive, and plaintiff relied upon said representations, etc.

■ In an action of this character, where the measure of damages is the difference between the value of the car sold and delivered and the value of the car as represented, evidence of the cost of the car new to the vendor was admitted without error. Southern Railway Co. v. Bailey, 220 Ala. 385, 125 So. 403.

The contract contained the following stipulations:

"The automobile and equipment described above are purchased by me subject to the manufacturer's warranty and with the understanding that no other warranty or guarantee is given, and that no promises of any kind respecting this sale have been made or given except such as contained herein. * * *"

"This contract expresses the entire agreement between the parties. As to previous verbal or written contract between the parties: All previous verbal or written communications between the parties with reference to the subject matter hereby abrogated."

■ Such stipulations do not cut off evidence that the making of such contract was induced by false and fraudulent representations. National Supply Co. v. Southern Creamery Co.. 224 Ala. 507, 140 So. 590; Alabama Machinery & Supply Co. v. Caffey, 213 Ala. 260, 104 So. 509.

■■ Without dispute the alleged misrepresentations, if in fact made, were made by the sales agent of defendant. Representations by a sales agent touching the condition or quality of the article he is selling are within the line and scope of his employment. In the absence of restrictions on his authority known to the purchaser, misrepresentations of such agent are binding on his principal. Alabama Machinery & Supply Co. v. Caffey, supra, and authorities there cited.

■ Defendant's written charge No. 2 was therefore refused without error.

Plaintiff's evidence tended to show the sales agent did represent the car to be new, as having been used only for demonstration purposes when offering it for sale; that it might have been driven in this way several hundred · miles; that he did not know how much.

There was further evidence that the speedometer had not been connected up.

Further evidence disclosed that a tag for private use had been purchased some nine months before, and that the car had for such period been used for private and family purposes as well as demonstration purposes.

While no one could give the true mileage, under the evidence and legitimate inference therefrom, we cannot hold the jury were unwarranted in finding that false representations were made; that the true value was substantially reduced because the car was a used or secondhand car. The testimony of the salesman supports a finding that he knew at the time the car had been in private use for several months. He testifies he so told plaintiff at the time.

The affirmative charge was properly refused to defendant.

There was no reversible error in denying the motion for a new trial.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.