180 So. 275

**CREAMERY PACKAGE MFG. CO. v. FIELDS.**

**3 Div. 246.**

Supreme Court of Alabama.

Feb. 24, 1938.

Rehearing Denied April 21, 1938.

Alex C. Birch and Daniel W. Troy, both of Montgomery, for appellant.

604

Ballard & Ballard, of Montgomery, for appellee.

THOMAS, Justice.

The suit was in fraud and deceit and breach of warranty on sale, purchase, and installation of refrigerating machine.

The appellee-plaintiff was a cleaner and dyer, who in 1934 contracted to install a cold storage plant for furs. The appellant was then, and is now, a manufacturer of refrigerating machinery, and informed the plaintiff by its representative, Mr. Grace, of its willingness and ability to install such plant. A contract was entered into between the parties to that end. Within a few days after the contract was entered into, appellee wired appellant that he had decided to "change machine from ammonia to freon or similar gas that will be harmless to furs." He further wired, "Unless you will give guarantee against any damages that might result from ammonia in case of a leak * * * I will cancel order." Unless the change was made from ammonia to freon gas, appellee "proposed to cancel his agreement to buy the machine as contracted March 23, 1934."

To this appellant replied on April 2, 1934, so he testified, "furnishing machine freon gas. Prompt shipment will be made." Changes were made in the original contract, so appellee testified to conform to "freon gas." The machine was installed and operated for a trial period.

The record shows that on May 31, 1934, appellee gave appellant the following writing:

"Creamery Package Mfg. Company, Chicago. Gentlemen: The machinery installed under contract dated 3/23/34 between the above named Company and the undersigned Purchaser has been completed in accordance with the terms of this contract, and said undersigned Purchaser is prepared and agrees to make settlement therefor as per the terms of this contract. Yours very truly, (signed) Superior Cleaners & Dyers, J. A. Fields, Owner.

"Dated 5/31/34.

"W. B. Adamson, Erecting Engineer."

The settlement was for approximately $1,500.

A phase of the evidence tended to show that the machine refrigerated the vault, but that the gas leaked, causing the loss and required the purchase of other like gas. This condition existed and was known to the plaintiff for more than a year before he brought suit for his damages.

It is insisted that appellant has improperly grouped assignments of error and argued the same as one proposition, which should be disregarded. Southern Railway Company v. Sherrill, 232 Ala. 184, 167 So. 731.

It is the rule that when demurrers are assigned to several counts of the complaint, the assignment will not be considered if demurrer is bad to one count. Holley v. Florala Tel. Co., 223 Ala. 415, 136 So. 726. The office of an assignment of error is to specifically point out the error of which complaint is made, and, failing therein, is considered too general. Jones v. Adkins et al., 151 Ala. 316, 44 So. 53.

And for this reason certain assignments of error are not considered, viz., 1, 20, 21, 29, 30 and 31. It is apparent that there is no merit in insistence of error in the overruling of demurrers to the complaint. The ground insisted upon was that the complaint was barred by the statute of limitations. This must be presented by a plea. Sibley v. Bowen, 222 Ala. 13, 130 So. 547; Russell v. Garrett, 204 Ala. 98, 85 So. 420.

There was no error in the admission of evidence to explain ambiguous, inconsistent, or repugnant provisions in writings to give effect to the intention of the parties to be gathered from the whole. Mobile County v. Linch, 198 Ala. 57, 73 So. 423; 13 Corpus Juris, p. 535, § 497.

Parol evidence is admissible to show fraud or deceit. People's Auto Co. v. Staples, 225 Ala. 372, 143 So. 553; National Supply Co. v. Southern Creamery Co., 224 Ala. 507, 140 So. 590.

The appellant was a manufacturer of the machine, sold the same for the purpose indicated with full knowledge of the facts as to the place where it was to be used and the required use to which it would be subjected and the end to be accomplished. Caffey v. Alabama Mach. & Supply Co., 19 Ala.App. 189, 96 So. 454; Id., 213 Ala. 260, 104 So. 509.

The evidence contained tendencies of defects in the machinery and the added cost of repair or operation. The evidence shows the defect, that complaint was made and attempt to supply parts or remedy the defects. The evidence further shows failure to succeed in repairing the machine, and that it was abandoned because of its failure or defects. Such are the tendencies of evidence under the fraud and deceit counts, and a jury question was presented.

McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

Conceding, without deciding, that a due exception was reserved to the oral instructions of the court under the case of Ex parte Cowart, 201 Ala. 55, 77 So. 349, we find no error in the oral instruction of the court to the jury in defining elements of damage in the case at bar. The question of damages is considered in Grissom v. J. B. Colt & Co., 218 Ala. 336, 118 So. 580; Coleman v. N. C. L. Co., 218 Ala. 196, 118 So. 377; Cartwright v. Hughes, 226 Ala. 464, 147 So. 399; Alabama Machinery & Supply Co. v. Caffey, 213 Ala. 260, 104 So. 509; Willingham v. Wesley Hardware Co., 227 Ala. 280, 149 So. 703.

In Southern Building & Loan Ass'n v. Bryant, 225 Ala. 527, 144 So. 367, 368, the rule is thus stated: "It is declared by the decisions, that one induced by fraud to contract has an election of remedies: (1) To rescind and sue for his money back, when he has restored the benefits received, then only may he recover the payments made; or (2) he may affirm the contract, retain its benefits, and sue for the deceit and damages accruing to him; * * * or (3) the party defrauded, under appropriate facts, when sued by the party who perpetrated the fraud, may defeat such action at law by an appropriate plea setting up the facts amounting to the fraud that induced that defendant to enter into the contract, by way of recoupment or set-off or estoppel, as the case may be; * * * (4) that the measure of actual damages in such suit is the difference between the value of the shares at the time of discovery of fraud and the purchase price, or the value the article would have had, if it passed the qualities represented and within the contemplation of the parties, with interest; * * * (5) that punitive damages may not be recovered in such an action (deceit) unless the fraud is gross, malicious, oppressive, and committed with an intention to so injure and defraud."

We find no reversible error in the judgment of the circuit court, and it is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.