180 So. 295

**ANDERSON v. SANDERS.**

6 Div. 275.

Supreme Court of Alabama.

March 3, 1938.

Rehearing Denied April 21, 1938.

McGowen & Vance, of Birmingham, and McLane & Craig, of Lewisburg, Tenn., for appellee.

J. B. Ivey, of Birmingham, for appellant.

THOMAS, Justice.

(1) The complaint was in Code form and not subject to demurrer directed thereto. Code 1923, § 9531, Form No. 1; Ahrens-Rich Auto Co. v. Beck & Corbitt Iron Co., 212 Ala. 530, 103 So. 556; Beck v. Johnson, ante, p. 323, 179 So. 225.

(2) Several rulings on the evidence are assigned as error and presented for discussion by argument of counsel. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158.

(3) The defendant as a witness was asked by his counsel, "Do you owe Mr. Sanders anything at all?" Thereupon plaintiff's counsel objected as the question called for a conclusion of the witness as to the fact being tried. However, the objection was sustained without error, since error was without injury. The defendant in his own behalf had testified: "Mr. Sanders had talked to me about purchasing insurance from him prior to that time. I do not remember the dates I was at Lewisburg, I remember giving him twenty-five dollars and a note for a hundred

dollars. Mr. Sanders told me that a hundred and twenty-five dollars would pay for the whole policy, that there would be no premiums, he did not give me the policy, but said I could take care of the hundred dollars at that time. I never received a policy, of that I am sure. Notwithstanding I gave Mr. Sanders twenty-five dollars and a note for a hundred dollars, I did not receive anything from him. * * * Thereupon plaintiff, over objection of defendant, offered in evidence a letter from defendant to plaintiff as of 7—1—35 in substance: 'Your letter of 6—27 received and the reason I have not sent you some money is because I have lost my job, and am not hardly able to get by and feed my family. I am doing all I can to get located again and just as soon as I get some money will be glad to send it to you. * * * '.

"Defendant objected to introduction in evidence of the letter on stated grounds: * * * The Court overruled defendant's objection, to which action of the court the defendant then and there, in the presence of the jury and before the jury retired, duly and legally excepted."

On this ruling there was no error. It was material evidence for the plaintiff, and in the nature of an admission of indebtedness, and in contradiction of evidence tending to show the failure of consideration.

(5) In the cross-examination of the defendant, he was asked if he wrote to plaintiff under date of 9—14—35, and he admitted the authorship of such a letter. The letter follows: "Your school boy letter of 6th, just received, and note your remarks, and you may be called on to prove just what you have reference to. Now, as to your policy, I have never seen it since you had it in Lewisburg, and, if I did have it, I could not pay for it now. Am not working, and a family to feed, and am sure I am not going to take food from them to give you. Of course, you can place the account with a collection agt., as you threatened, but don't see how he can get anything when I have nothing. I told you in my last letter I would take care of this soon as could, but if you start other proceedings am of opinion you will be a long time collecting."

(6) Plaintiff, as a witness, replied: "I am an insurance agent for Business men's Insurance Company, at Lewisburg, Tennessee. At the time this policy was issued I was a special agent. I met Mr. Anderson in Lewisburg, he was there for business with my brother who was in the lumber business. I contacted him in an effort to sell him life insurance, he made application for $5,000.00 policy. The arrangement, or conversation with Mr. Anderson about the premiums on the policy, it was understood that I was to give him terms on it, and I told him I would. The terms were, he said he would pay me something on every trip there, there was not any special amount."

Thus the question of fact was presented as to indebtedness, and as to delivery of the policy on plaintiff's responsibility, and the jury duly returned a verdict for the plaintiff.

(7) The rule as to giving and refusing the general affirmative instruction need not be repeated. McMillan v. Aiken et al., 205 Ala. 35, 88 So. 135.

The terms of section 8371 of the Code did not make any other rule applicable. The question of fact was not as to a rebate of premiums, but as to the issuance and delivery vel non of the policy by Sanders and the assumption by plaintiff of the liability for the policy.

(8) The trial court properly overruled the motion for a new trial.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.