182 So. 474

STERCHI BROS. STORES, Inc., v. CASTLEBERRY.

8 Div. 873.

Supreme Court of Alabama.

May 12, 1938.

Rehearing Denied June 16, 1938.

R. T. Simpson and R. T. Simpson, Jr., both of Florence, and Ben F. Ray, of Birmingham, for petitioner.

L. A. May and Bradshaw & Barnett, all of Florence, for respondent.

THOMAS, Justice.

Petition for writ of certiorari to the Court of Appeals.

The trial was had upon counts A, B, C, and D, in tort. Counts A and D set up installation with knowledge of defects in refrigerator and the negligent failure to remedy, plaintiff's injury being a proximate result of said negligence. Count B avers negligent installation, etc. Count C sets up that the defendant sold a refrigerator to the husband of the plaintiff which was in a defective condition and failed to function properly; that the defendant undertook to adjust, repair, or restore said refrigerator to a proper working condition; that the defendant was negligent in and about the performance of said undertaking and did negligently fail to adjust, restore, or repair said refrigerator so that it would function properly and safely—all to the injury of the plaintiff.

In addition to the general issue, plea 4 alleged that the plaintiff was guilty of contributory negligence in that she used a defective refrigerator with knowledge of its defects. To this plea the plaintiff replied that she was ignorant of the mechanical operation of electric refrigerators and particularly this one, which fact was known to the defendant; and plaintiff was, therefore, unaware of the danger in using said refrigerator in such defective condition, and relied upon the defendant's many promises to remedy or repair said defect, which defendant did not do after being notified by said plaintiff.

The evidence and tendencies thereof being in conflict, the affirmative charges requested were properly refused. McMillan v. Aiken et al., 205 Ala. 35, 88 So. 135; Jones v. Bell, 201 Ala. 336, 77 So. 998; Anderson v. Sanders, Ala.Sup., 180 So. 295;[1] Creamery Package Mfg. Co. v. Fields, Ala.Sup., 180 So. 275.[2]

The evidence and argument being concluded, the court thus defined the law applicable to the several phases of the evidence under the respective pleadings. In effect the court charged:

"It would be incumbent on the plaintiff to establish what she has set up in these counts under the plea of the general issue, to your reasonable satisfaction, that is, that she bought the refrigerator from the defendant, and that the defendant installed it in her home and that it was defective. It would be incumbent under that status of the pleading for the plaintiff to prove further that they knew it was defective, and knowing that it was defective, and that they were notified that it was defective, they failed to repair it, and that by reason of the negligence of the defendant the plaintiff was damaged.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

"And, if it did, was it defective? If it was defective was it known to the defendant or could it have been known by the defendant by the exercise of ordinary care and prudence? And, if it was defective and the defendant was notified of the defects, after the defendant was notified did the defendant decline to remedy the defect? If you are reasonably satisfied that the plaintiff has proven these allegations, it would be your duty to find for the plaintiff under the plea of the general issue, interposed by the defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

"In addition to the plea of the general issue the defendants have filed a plea of contributory negligence. In that plea the defendant sets up that she knew it was defective and knowing that it was defective she

---

[1] 235 Ala. 618.

[2] 235 Ala. 602.

permitted it to stay in the house and used it, and that she was negligent and that her negligence contributed to her own injury. Now the burden of proof under the plea of contributory negligence is upon the defendant to establish that plea. Now there is a replication to that plea of the defendant, and if the defendant has established that plea of the defendant, and if the defendant has established that plea the burden would shift to the plaintiff to establish to your reasonable satisfaction their replication, that is, that she did not know anything about the mechanical operations of an electrical refrigerator, that the defendant knew of the defect, that the plaintiff was not aware of the defect and that she was not aware of the danger in the using of said refrigerator in its defective condition, that she relied on the representations of the defendant that it was defective in permitting it to stay in there and use it."

Were such instructions in accord with the decisions touching the facts averred and proven?

■■■ The general authorities are collected by Judge Sanborn, in Huset v. J. I. Case Threshing Mach. Co., 8 Cir., 120 F. 865, 61 L.R.A. 303, to the effect that (1) the general rule is that a contractor, vendor, or manufacturer is not liable to third parties, who have no contractual relation with him, for negligence in the construction, manufacture, or sale of the articles he handles. It is said (page 868): "In these cases third parties, without any fault on their part, were injured by the negligence of the manufacturer, vendor, or furnisher of the following articles, while the parties thus injured were innocently using them for the purposes for which they were made or furnished, and the courts held that there could be no recovery, because the makers, vendors, or furnishers owed no duty to strangers to their contracts of construction, sale, or furnishing: A stagecoach, Winterbottom v. Wright, 10 M. & W. 109; a leaky lamp, Longmeid v. Holliday, 6 Exch. 764, 765; a defective chain furnished one to lead stone, Blakemore v. Ry. Co., 8 El. & Bl. 1035; an improperly hung chandelier, Collis v. Selden, L.R. 3 C.P. 495, 497; an attorney's certificate of title, National Sav. Bank v. Ward, 100 U.S. 195, 204, 25 L.Ed. 621; a defective valve in an oil car, Goodlander Mill Co. v. Standard Oil Co., 63 F. [400] 401, 406, 11 C.C. A. 253, 259, 27 L.R.A. 583; a porch on a hotel, Curtin v. Somerset, 140 Pa. 70, 21 A.

244, 12 L.R.A. 322, 23 Am.St.Rep. 220; a defective side saddle, Bragdon v. Perkins-Campbell Co., 87 F. 109, 30 C.C.A. 567, [66 L.R.A. 924]; a defective rim in a balance wheel, Loop v. Litchfield, 42 N.Y. 351, 359, 1 Am.Rep. 513; a defective boiler, Losee v. Clute, 51 N.Y. 494, 10 Am.Rep. 638; a defective cylinder in a threshing machine, Heizer v. Kingsland & Douglass Mfg. Co., 110 Mo. 605, 615, 617, 19 S.W. 630, 15 L.R. A. 821, 33 Am.St.Rep. 482; a defective wall which fell on a pedestrian, Daugherty v. Herzog, 145 Ind. 255, 44 N.E. 457, 32 L.R. A. 837, 57 Am.St.Rep. 204; a defective rope on a derrick, Burke v. Refining Co., 11 Hun [N.Y.] 354; a defective shelf for a workman to stand upon in placing ice in a box, Swan v. Jackson, 55 Hun 194, 7 N.Y. S. 821; a defective hoisting rope of an elevator, Barrett v. Mfg. Co., 31 N.Y. Super.Ct. 545; a runaway horse, Carter v. Harden, 78 Me. 528, 7 A. 392; a defective hook holding a heavy weight in a drop press, McCaffrey v. Mfg. Co., [23 R.I. 381], 50 A. 651, 55 L.R.A. 822, 91 Am.St.Rep. 637; a defective bridge, Marvin Safe Co. v. Ward, 46 N.J.Law, 19; shelves in a dry goods store, whose fall injured a customer, Burdick v. Cheadle, 26 Ohio St. 393, 20 Am. Rep. 767; a staging erected by a contractor for the use of his employes, Maguire v. Magee (Pa.) 13 A. 551; defective wheels, J. I. Case Plow Works v. Niles & Scott Co., [90 Wis. 590], 63 N.W. 1013."

The general rule is subject to exceptions recognized, as follows, by Judge Sanborn:

"The first is that an act of negligence of a manufacturer or vendor which is imminently dangerous to the life or health of mankind, and which is committed in the preparation or sale of an article intended to preserve, destroy, or affect human life, is actionable by third parties who suffer from the negligence. Dixon v. Bell, 5 Maule & Sel. 198; Thomas v. Winchester, 6 N.Y. 397, 57 Am.Dec. 455; Norton v. Sewall, 106 Mass. 143, 8 Am.Rep. 298; Elkins v. McKean, 79 Pa. 493, 502; * * * Peters v. Johnson, [50 W.Va. 644], 41 S.E. 190, 191, 57 L.R.A. 428 [88 Am.St.Rep. 909]. The leading case upon this subject is Thomas v. Winchester, 6 N.Y. 397, 57 Am.Dec. 455. * * * These cases stand upon two well-established principles of law: (1) That every one is bound to avoid acts or omissions imminently dangerous to the lives of others, and (2) that an injury which is the natural and probable result of an act of negligence is actionable. It was the natural and probable result of the negli-

gence in these cases that the vendees would not suffer, but that those who subsequently purchased the deleterious articles would sustain the injuries resulting from the negligence of the manufacturers or dealers who furnished them.

"The second exception is that an owner's act of negligence which causes injury to one who is invited by him to use his defective appliance upon the owner's premises may form the basis of an action against the owner. Coughtry v. Globe Woolen Co., 56 N.Y. 124, 15 Am.Rep. 387; Bright v. Barnett & Record Co., [88 Wis. 299], 60 N.W. 418, 420, 26 L.R.A. 524; Heaven v. Pender, L.R. 11 Q.B.Div. 503; Roddy v. Railway Co., 104 Mo. 234, 241, 15 S.W. 1112, 12 L.R.A. 746, 24 Am.St.Rep. 333. In Coughtry v. Globe Woolen Co., 56 N.Y. 124, 15 Am.Rep. 387, * * * the court held that the act of the owner was an implied invitation * * * and imposed upon him a liability for negligence in its erection. * * *,

"The third exception to the rule is that one who sells or delivers an article which he knows to be imminently dangerous to life or limb to another without notice of its qualities is liable to any person who suffers an injury therefrom which might have been reasonably anticipated, whether there were any contractual relations between the parties or not. Langridge v. Levy, 2 M. & W. 519, 4 M. & W. 337; Wellington v. Oil Co., 104 Mass. 64, 67; Lewis v. Terry, [111 Cal. 39], 43 P. 398 [31 L.R.A. 220, 52 Am. St.Rep. 146]. * * *

"In Wellington v. Oil Co., the defendants knowingly sold to one Chase, a retail dealer, to be sold by him to his customers as oil, naphtha, a dangerous and explosive liquid. Chase sold the naphtha as oil, the plaintiff used it in a lamp for illuminating purposes, it ignited and exploded, and he recovered of the wholesale dealer. Judge Gray, later Mr. Justice Gray of the Supreme Court, said:

" 'It is well settled that a man who delivers an article, which he knows to be dangerous or noxious, to another person, without notice of its nature and qualities, is liable for an injury which may reasonably be contemplated as likely to result, and which does in fact result, therefrom, to that person or any other, who is not himself in fault. Thus a person who delivers a carboy, which he knows to contain nitric acid, to a carrier, without informing him of the nature of its contents, is liable for

an injury occasioned by the leaking out of the acid upon another carrier, to whom it is delivered by the first in the ordinary course of business, to be carried to its destination. Farrant v. Barnes, 11 C.B.(N. S.) 553. So a chemist who sells a bottle of liquid, made up of ingredients known only to himself, representing it to be fit to be used for washing the hair, and knowing that it is to be used by the purchaser's wife, is liable for an injury occasioned to her by using it for washing her hair. George v. Skivington, Law Rep. 5 Ex. 1.'

"In Lewis v. Terry, [111 Cal. 39], 43 P. 398, [31 L.R.A. 220, 52 Am.St.Rep. 146], a dealer, knowing a folding bed to be defective and unsafe, sold it to a Mr. Apperson without informing him of the fact. His wife suffered a broken arm and other severe injuries from the negligence of the dealer in the sale of the bed, and recovered of him the damages she sustained."

When the complaint portrays a negligence imminently dangerous to the lives and limbs of those who should use the machine imminently dangerous to the lives and limbs of all who should undertake to operate it, a concealment of this dangerous condition, a knowledge of the defendant when it was shipped and supplied to the employer in its use for the purpose for which it was made, sold, delivered, and repaired, the consequent damage to such purchaser is recoverable. This is within the rule stated by Mr. Justice Gray in the case of Wellington v. Oil Co., 104 Mass. 64, 67. The rule is that one who delivers an article which he knows to be dangerous to another, or that may become dangerous without repair and which work he had contracted to do, without notice of its dangerous nature or quality to the vendee, is liable for the injury reasonably to be contemplated, and that is likely to result in its use, and which does, in fact, result from such negligent failure to such purchaser or to any other who is not himself at fault is actionable negligence. That is to say, the natural and probable result of the negligence falling within the aforenamed conditions in selling, delivering and repairing the machine when it was known to be left in a condition imminently dangerous to the lives and limbs of those who would undertake to use it for the purpose for which it was constructed, is declared to be actionable negligence.

It would follow, from the foregoing and the allegations of the complaint, that

the. fact of selling, delivering, and undertaking the upkeep and repair to and for the purchaser, with a knowledge and concealment of the dangerous condition of the refrigerator, an act or failure imminently dangerous to the health and life of such purchaser, forms a basis of a due cause of action in favor of such purchaser or his immediate family who sustain injury therefrom. Jones v. Tennessee Land Co., 234 Ala. 25, 173 So. 233, 237.

Such is the effect of the general authorities. We will now consider the recent decisions by this court in such matters.

Before passing to our recent decision that touches the case at hand, it is observed that this is not a suit on disaffirmance of contract of sale, and for damages for fraud or deceit in the manufacture or sale of a machine or article for a specific purpose, which the vendor undertook to supply, maintain, or repair. Such were the cases of Caffey v. Alabama Machinery & Supply Co., 19 Ala.App. 189, 96 So. 454; Alabama Machinery & Supply Co. v. Caffey, 213 Ala. 260, 104 So. 509; Creamery Package Mfg. Co. v. Fields, supra. See, also, Restatement of Law of Negligence and Torts, § 394 et seq., p. 1073.

When the recent case of Alabama Power Co. v. Emens, 228 Ala. 466, 153 So. 729, is considered, it will be noted that it was declared unequivocally that one who sells or installs electric equipment to furnish current, and agrees to keep the same in repair, is liable for negligence in that respect; that regardless of res ipsa loquitur there was evidence affording the inference of negligence on the part of the defendant, its agent or servants in such installation. or maintenance or repair; that injury having attended the use of such installation, the duty was on the defendant to negative its negligence in the matter; that the presumption of negligence from such facts is not an absolute presumption; that in such case the surrounding circumstances, which are necessarily brought into the view of the court, show how the accident occurred and contain without further proof sufficient evidence of defendant's duty and negligence on the facts stated; that whether from a scientific standpoint the damage was caused by excessive voltage or the overloading of defectively installed appliances, or the negligent maintenance of

equipment, proximately causing the fire, was the substance of the issue.

It is, therefore, seen that good authority is in line with the several propositions we have indicated above from Judge Sanborn, together with the authorities cited in the opinion in the case of Alabama Power Co. v. Emens, supra, and the analogies to be found in the citations therein employed. See, also, Kahner v. Otis Elevator Co., 96 App.Div. 169, 89 N.Y.S. 185.

In the last-cited case (Kahner v. Otis Elevator Co., supra), the statement is made that when the defendant undertook to repair the elevator, the fall of which caused plaintiff's injuries, it assumed a duty to exercise care in the performance of its contract, a neglect of which, causing injury, imposed a liability. Such obligation extended to the other party to the contract, and "to his employees and others occupying the premises in which the elevator was located." See, also, Devlin v. Smith, 89 N.Y. 470, 477, 42 Am.Rep. 311; Davies v. Pelham Hod Elevating Co., 65 Hun 573, 20 N.Y.S. 523. The subject is further considered in Restatement of Law of Torts, § 399 et seq., pp. 1085–1090.

There is analogy to be found in the cases collected in Gulf Electric Co. v. Fried, 218 Ala. 684, 119 So. 685.

The following cases are contrary to those cited in the opinion by the Court of Appeals: Hallock v. Smith, 207 Ala. 567, 93 So. 588; Spangler v. Hobson, 212 Ala. 105, 101 So. 828; Abbott v. Alabama Power Co., 214 Ala. 281, 107 So. 811; Charlie's Transfer Co. v. Malone, 159 Ala. 325, 48 So. 705; Brown v. Dwight Mfg. Co., 200 Ala. 376, 76 So. 292, L.R.A.1917F, 997. Anderson v. Robinson, 182 Ala. 615, 62 So. 512, 47 L.R. A.,N.S., 330, Ann.Cas.1915D, 829.

The Court of Appeals, therefore, was in error in holding that the several counts of the complaint were bad. Each count correctly stated a cause of action, not subject to the demurrer directed thereto.

The petition for writ of certiorari to the Court of Appeals is granted, and the judgment of the Court of Appeals is reversed and the cause remanded.

Writ granted and judgment of Court of Appeals reversed and remanded.

All the Justices concur.