183 So. 415

**ALTORFER BROS. CO. v. GREEN.**

6 Div. 197.

Supreme Court of Alabama.

June 9, 1938.

Rehearing Denied Oct. 6, 1938.

Harsh, Harsh & Hare, of Birmingham, for appellee.

London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellant.

FOSTER, Justice.

Appellant was defendant against whom a judgment was rendered in the circuit court in a suit which was submitted to the jury on counts 5, 6, 8, 9, 10 and 11. Demurrer to those counts was overruled. Appellant contends that it should have been sustained.

Plaintiff was injured, as alleged in those counts, while she was using an electric clothes washer which also had a wringer as an attachment. Her hand was caught between the rollers and was hurt. Defendant was the manufacturer of the machine.

The complaint alleges that the machine was delivered to her at her residence for her use; that they were sold by defendant to merchants to be resold to the public for use in washing and wringing clothes; that the wringer was not reasonably safe for use by the public, but was imminently dangerous when used for such purpose, and that defendant knew of such danger, but it was not known to plaintiff nor made known to her. It then alleges that defendant negligently allowed plaintiff to use the wringer without the exercise of reasonable diligence to notify plaintiff of such danger, and that plaintiff's injuries were the proximate consequence of said negligence.

We have not undertaken to set out all the averments. The other counts named are not different in a material respect from a legal standpoint. The demurrer goes to the substantial merits of the cause of action thus set out.

It is noted at the outset that none of the counts are predicated on a breach of contract, express or implied. It is not within the prohibition of our case of Birmingham Chero-Cola Bottling Co. v. Clark, 205 Ala. 678, 89 So. 64, 17 A.L.R. 667.

But though plaintiff is not in privity of contract with defendant in respect to the machine, and though the general rule exempts one from liability to another not in privity, both in assumpsit and tort actions, there are well recognized exceptions applicable to this situation.

■ This Court in Jones v. Gulf States Steel Co., 205 Ala. 291, 88 So. 21, recognized an exception so applicable, though in that case the facts did not meet the requirements. But the opinion discusses the principles of law and cites the cases so as to make the rule clear. Quoting from MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696, Ann.Cas. 1916C, 440, it was said (88 So. page 23): "It is possible to use almost anything in a way that will make it dangerous if defective. That is not enough to charge the manufacturer with a duty independent of his contract. * * * If danger was to be expected as reasonably certain, there was a duty of vigilance, and this whether you call the danger inherent or imminent." The principle is also set out in 45 Corpus Juris 888. The Jones Case, supra, also cites Huset v. Case Threshing Machine Co., 8 Cir., 120 F. 865, 61 L.R.A. 303.

In our very recent case of Sterchi Bros. Stores, Inc., v. Castleberry, 182 So. 474,[1] the principle was again fully considered by this Court.

The law as declared in Huset v. Case Threshing Machine Co., supra, was approved and much of it was quoted. What is there declared to be the third exception to the general rule is stated very much in the language of count 5 of this complaint, except that it is said in this connection that the injury should have been reasonably anticipated. And this was emphasized in the MacPherson Case, supra, as quoted in the Jones Case, supra. Without this element, there is no substantial basis for a claim of liability.

■ The question is whether this element is supplied by the allegations in this complaint. They all allege that the machine was imminently dangerous when used for the purpose for which it was manufactured.

Counts 6, 8, 9, 10 and 11 give more detail, showing in what respect it is dangerous. They all allege that defendant knew of such danger or should have known it in the exercise of reasonable diligence. They do not in express terms allege that the danger was such as that defendant should have contemplated the injury as a likely result, or that it did contemplate it. So the question arises whether such allegations should be so interpreted.

Some of the authorities declare the principle as meaning that it is applicable if the machine is "inherently or imminently dangerous," or "becomes so when applied to its intended use in the usual and customary manner." 44 Corpus Juris 888. The principle recognizes that most any machine may become dangerous by improper use. No liability exists then under any application of this principle.

■ But the complaint alleges that the machine was "imminently dangerous when used for said purpose." This imposed a duty on the manufacturer not to expose to such danger an ignorant public who will likely use it. And if defendant knows that it is imminently dangerous when used in the customary manner, it is chargeable with anticipating such injury from its use without exercising reasonable diligence to make such danger known to the public likely to use it. Such negligent failure is the gist of this complaint.

_____

[1] Ante, p. 349.

■ Refused charge "U" requires proof that the wringer was defective at the time it left defendant's factory. Neither the complaint nor the law specifies the existence of a defect as being a necessary ingredient of this cause of action. If it is known by defendant to be imminently or inherently dangerous when used in the customary manner, due care must be taken to acquaint the public of such danger, though it is not defective.

But the court charged the jury at the request of defendant in given charge "RR" that there must have been a defect in the wringer which was due to defendant's negligence, and which proximately caused the injury. This was doubtless for the reason that the proof showed that the alleged danger was the result of an alleged defect or improper adjustment.

■ Refused charge "T" was on contributory negligence which was in other charges made clear to the jury.

■ Charge 23 was founded on a defect which was abstract, since the complaint is not thus founded.

■ Charge 9 is based entirely on an inherent danger. The complaint does not charge an inherent but an imminent danger. The court in other charges made clear the principles applicable to such a complaint.

■ Charge "R" is virtually the affirmative charge, since there is no count on wilful injury or fraud.

■ Charge "AA" is invasive of the province of the jury, and is also equal to the affirmative charge.

■ Assignments 11 and 12.—By allowing plaintiff's husband to testify that to his knowledge or observation, plaintiff was not given any pamphlet or instructions about using the machine, the court was permitting evidence tending to prove an important element of the complaint, in connection with other evidence having a like tendency. The ruling was not a holding that such pamphlet or instructions were the only manner in which the alleged duty could have been fulfilled, and not subject to objection on that ground.

Assignment 10.—This ruling related to another bit of evidence tending to show a want of effort by defendant to apprise plaintiff of the proper way of using the machine so that the danger may be avoided.

■ Assignment 62.—We cannot say that the verdict was not properly supported by the evidence. It tended, in one aspect, to show that a certain clamp was so fastened at one end of the rollers of the wringer that the spring which pressed them together would not yield or let the roller lift at that end as clothes went through, causing a jerk due to unevenness in the yield of the springs to the pressure thus caused, and would not permit the operation of the safety release device.

Some of the evidence tended to show that the injury may have been magnified by the failure of the safety release device to relieve the pressure on plaintiff's hand after it was drawn between the rollers in the wringer necessitating a reversal of the gears by which movement her hand was rolled back out of the machine. If the condition of the clamp either caused the hand to get caught, or when caught, prevented it from being released, the jury could find that there was imminent danger in the machine when used in the ordinary way as alleged in the complaint, and that this was due to a defect or misadjustment for which the defendant was responsible as manufacturer, and knew of that condition or was negligent in not knowing it, and that the machine was put in plaintiff's house to be used by her as one so intended by defendant, and had no notice of the dangerous condition.

■ They were all jury questions, and there was evidence to support the finding of the jury. We think the defendant was not due the affirmative charge, nor to have the verdict set aside on motion.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.