191 So. 245
## MILES v. CHRYSLER CORPORATION.

### 6 Div. 486.

Supreme Court of Alabama.

June 8, 1939.

Rehearing Denied Oct. 12, 1939.

Taylor & Higgins, of Birmingham, for appellant.

Lange, Simpson, Brantley & Robinson, of Birmingham, for appellee.

THOMAS, Justice.

The suit was for personal injuries and damages sustained by plaintiff's wife, as a proximate result of alleged negligence of the defendant non-resident corporation under the rule of "manufacturer's liability."

Demurrer to the successive counts being sustained, plaintiff moved the court to enter a judgment of non-suit in said cause. Said motion was granted by the court, and on February 1, 1939, a judgment of non-suit was entered in the cause, the defendant and garnishee were discharged and a judgment for costs was entered against the plaintiff. To review the action of the trial court in sustaining demurrer to the several counts, this appeal is taken.

Under the facts as presented by Counts C & D, at common law, where there was no privity of contract, there was no liability. In the course of human events, however, this was found to be unjust and exceptions were made in the rule laid down by the common law under the doctrine of "manufacturers' liability" in what may be now called the pioneer cases. Huset v. J. I. Case Threshing Machine Co., 8 Cir., 1903, 120 F. 865, 61 L.R.A. 303; MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, 1053, L.R.A.1916F, 696, Ann.Cas.1916C, 440.

The several early cases reviewed by Mr. Justice Cardozo, in the case of MacPherson v. Buick Motor Co., supra, are as follows:

"We hold, then, that the principle of Thomas v. Winchester [6 N.Y. 397, 57 Am.Dec. 455] is not limited to poisons, explosives, and things of like nature, to things which in their normal operation are implements of destruction. If the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger. Its nature gives warning of the consequences to be expected. If to the element of danger there is added knowledge that the thing will be used by persons other than the purchaser, and used without new tests, then, irrespective of contract, the manufacturer of this thing of danger is under a duty to make it carefully. That is as far as we are required to go for the decision of this case. There must be knowledge of a danger, not merely possible, but probable. It is *possible* to use almost anything in a way that will make it dangerous if defective. That is not enough to charge the manufacturer with a duty independent of his contract. Whether a given thing is dangerous may be sometimes a question for the court and sometimes a question for the jury. There must also be knowledge that in the usual course of events the danger will be shared by others than the buyer. Such knowledge may often be inferred from the nature of the transaction. But it is possible that even knowledge of the danger and the use will not always be enough. The proximity or remoteness of the relation is a factor to be considered. We are dealing now with the liability of the manufacturer of the finished product, who puts it on the market to be used without inspection by his customers. If he is negligent, where danger is to be foreseen, a liability will follow. We are not required, at this time, to say that it is legitimate to go back of the manufacturer of the finished product and hold the manufacturers of the component parts. To make their negligence a cause of imminent danger, an independent

362

cause must often intervene; the manufacturer of the finished product must also fail in his duty of inspection. * * * The maker of this car supplied it for the use of purchasers from the dealer just as plainly as the contractor in Devlin v. Smith [89 N.Y. 470, 42 Am.Rep. 311] supplied the scaffold for use by the servants of the owner. The dealer was indeed the one person of whom it might be said with some approach to certainty that by him the car would not be used. Yet the defendant would have us say that he was the one person whom it was under a legal duty to protect. The law does not lead us to so inconsequent a conclusion. Precedents drawn from the days of travel by stage-coach do not fit the conditions of travel to-day. The principle that the danger must be imminent does not change, but the things subject to the principle do change. They are whatever the needs of life in a developing civilization require them to be.

"In reaching this conclusion, we do not ignore the decisions to the contrary in other jurisdictions. It was held in Cadillac Motor Car Co. v. Johnson [2 Cir.] 221 F. 801, L.R.A.1915E, 287 [Ann.Cas.1917E, 581], that an automobile is not within the rule of Thomas v. Winchester. There was, however, a vigorous dissent. Opposed to that decision is one of the Court of Appeals of Kentucky. Olds Motor Works v. Shaffer, 145 Ky. 616, 140 S.W. 1047, 37 L.R.A.,N.S., 560, Ann.Cas.1913B, 689. The earlier cases are summarized by Judge Sanborn in Huset v. J. I. Case Threshing Machine Co. [8 Cir.], 120 F. 865, 61 L.R.A. 303. Some of them, at first sight inconsistent with our conclusion, may be reconciled upon the ground that the negligence was too remote, and that another cause had intervened. But even when they cannot be reconciled, the difference is rather in the application of the principle than in the principle itself. Judge Sanborn says, for example, that the contractor who builds a bridge, or the manufacturer who builds a car, cannot ordinarily foresee injury to other persons than the owner as the probable result. 120 F. 865, at page 867, 57 C.C.A. 237, 61 L.R.A. 303. We take a different view. We think that injury to others is to be foreseen not merely as a possible, but as an almost inevitable, result. See the trenchant criticism in Bohlen, supra, at p. 351 [44 Am.Law Reg.N.S. 341]. Indeed, Judge Sanborn concedes that his view is not to be reconciled with our decision in Devlin v. Smith, supra.

The doctrine of that decision has now become the settled law of this state, and we have no desire to depart from it."

The counsel for appellee makes observation of the Buick Motor Co. Case, supra, as follows:

"At the time of the Buick opinion Cardozo foresaw some of the dangers of the doctrine of manufacturers' liability. He recognized that by fixing a liability where there was no privity, unscrupulous claimants might easily collect on fraudulent demand. Consequently, in so far as he could, Cardozo framed the rule so as not to depend upon the purchaser but upon the nature of the thing, and that in turn governed by a general standard. As he founded the primary liability in the law instead of by privity of contract, he likewise placed the limitations in general principles of law, rather than made the limitations referable to individuals. Would it probably cause injury? Was it reasonably certain to place life and limb in peril when negligently made? Was the 'thing' imminently dangerous?

"That he so clearly understood not only the immediate problem but the expected effects, is shown by this statement:

"'The principle that the danger must be imminent does not change, but the things subject to the principle do change. They are whatever the needs of life in a developing civilization require them to be.' (Page 1053).

"Cardozo's rule removed the unjustness of the rule requiring privity for liability. At the same time, the limits which he fixed or suggested gave protection against misuse of the law."

It is to be deduced from the cases of Sterchi Bros. Stores v. Castleberry, 236 Ala. 349, 182 So. 474 and Altorfer Bros. Co. v. Green, 236 Ala. 427, 183 So. 415, that the rule announced was that a manufacturer who, without giving notice of its character or quality, supplies or delivers to another a machine or article which at the time of delivery he knows to be imminently dangerous to the life or limb of any one who may use it for the purpose for which it is intended, is liable to any one who sustains injury from its dangerous condition whether he has any contractual relations with him or not.

We may further observe that when the instrument or agency, or challenged

defective part thereof, is used and operated with due care, for the purpose for which it was intended, without knowledge of that danger on the part of the user or purchaser, it is imminently dangerous to life and limb when so operated without knowledge.

We have examined Counts C and D in the instant case and hold that they comply with the rule of the case of Altorfer Bros. Co. v. Green, 236 Ala. 427, 183 So. 415. It results that the action of the trial court, in sustaining defendant's demurrer to said counts, was erroneous and necessitates a reversal of the cause. Counts A and B are defective in that the defect in the automobile door is not indicated. This defect is remedied in Counts C and D, and as stated above, such counts are within the rule of our cases.

As there was error in the ruling causing the non-suit, the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.