113 So.2d 916

**GREYHOUND CORPORATION et al.**

v.

**Nadeen A. BROWN.**

**6 Div. 915.**

Supreme Court of Alabama.

June 25, 1959.

Rehearing Denied Aug. 20, 1959.

Sadler & Sadler, Birmingham, for appellant Goodyear.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellant Greyhound Corp.

522

Hare, Parsons, Wynn & Newell, Birmingham, for appellee.

GOODWYN, Justice.

This is a personal injury action brought by appellee, Nadeen A. Brown, against appellants, Greyhound Corporation and Goodyear Tire & Rubber Company, in the circuit court of Jefferson County. The case arises out of an accident which occurred on a public highway in Jefferson County about 25 miles north of Birmingham. At the time of the accident plaintiff was a paying passenger on one of Greyhound's buses proceeding towards Birmingham. The right front tire of the bus blew out in rounding a curve, thus causing the bus to plunge down a ravine and roll over several times. Plaintiff was seriously injured. The jury returned a verdict in her favor for $15,000 against both defendants. Judgment on the verdict was duly entered. The defendants'

separate motions to set aside the verdict and judgment and grant each of them a new trial being overruled, they brought this appeal.

The case went to the jury on amended counts 2, 3 and 4. In substance, each of said counts charges Goodyear with negligence which combined and concurred with Greyhound's negligence so as to injure plaintiff. As against Greyhound, the gravamen of all three counts is Greyhound's negligence as a common carrier of passengers for hire. As against Goodyear, the several counts charge negligence as follows:

Count 2 alleges, in substance, that Goodyear manufactured a tire and supplied it to Greyhound, a common carrier of passengers for hire, which tire was in use on the bus involved in the accident complained of; that said tire, when so supplied, was not reasonably safe for such use on said bus but to the contrary was imminently dangerous when used for such purpose; that said danger was known to Goodyear, or by the exercise of reasonable diligence should have been so known to it, but was not known to plaintiff and was not revealed to plaintiff by Goodyear or by anyone else; that, at the time of the accident the said tire, as a proximate consequence of its said imminent dangerous condition, had a blowout, and as a proximate consequence thereof said bus was wrecked and plaintiff injured and damaged; that Goodyear negligently supplied said tire to Greyhound for use on said bus, knowing that said tire would be so used for the carriage of members of the public as passengers on the bus; that the nature of the defective condition of the tire was that its threads did not adequately adhere to the tire's tread, or for some other reason unknown to plaintiff the fabric of the tire was so weak that it was likely to blow out on its ordinary and intended use on the highway.

Count 3 alleges, in substance, that Goodyear, prior to the accident, undertook with Greyhound, in writing, to furnish for buses belonging to Greyhound sufficient tires to meet the requirements of said buses in a condition fit and suitable for such use and to furnish inspection and repair service adequate to maintain said tires in a condition safe and suitable for such use; that Goodyear undertook, in writing, with Greyhound to determine when tires furnished by Goodyear to Greyhound were permanently unfit for further service and in such cases to furnish new tires in lieu thereof; that at the time of the wreck there was in use on the bus a tire manufactured by Goodyear and supplied by it to Greyhound for use on said bus under said written undertaking; that on the occasion of the wreck Goodyear negligently failed to furnish a reasonably adequate repair and inspection service for said tire, and as a proximate consequence of its said negligence said tire, at the time of the wreck, "was not in a condition reasonably safe and suitable for use for the purpose for which it was supplied and intended to be used, but to the contrary was imminently dangerous when used for the purpose and in the manner for which it was supplied and intended to be used in that the fabric of said tire was so weak that it was imminently and dangerously likely to sustain a blowout when used in the customary and intended manner on the highway"; and that said tire sustained a blowout proximately causing the bus to be wrecked on the occasion complained of.

Count 4 alleges, in substance, that Goodyear was engaged in the business of manufacturing tires and supplying them to Greyhound for use on its motor buses; that on the occasion of the wreck Goodyear had manufactured and supplied to Greyhound one of the tires in use on the bus; that Goodyear "had retained the title to said tire and had retained control and responsibility for the condition and state of repair of said tire under the terms by which said defendant Goodyear had supplied said tire to said defendant Greyhound"; that under said terms Goodyear had undertaken to maintain and inspect said tire in a condition fit and suitable for the purpose for which it was delivered and intended to be

used as a tire on a motor bus engaged in the carriage of members of the public, including the plaintiff, in the business of Greyhound, as a common carrier of such passengers for hire; that Greyhound paid Goodyear for the use, inspection and maintenance of said tire on a mileage basis; that on the occasion complained of said tire had a blowout and as a proximate consequence thereof said bus was wrecked and plaintiff injured and damaged; that on said occasion Goodyear "negligently continued to furnish and maintain said tire for the use and purpose aforesaid upon said bus in a condition not reasonably safe for said use for which it was intended and supplied, but to the contrary, negligently continued to furnish and maintain said tire in a condition which was defective to the extent that it was dangerously weak or worn and that it was dangerously likely to blow out when used for the customary and intended purpose which it was furnished and supplied by the defendant Goodyear"; that "as a proximate consequence of said negligence of the defendant Goodyear and of the said unsafe and defective condition, said tire did blow out on said occasion and as a proximate consequence thereof said wreck occurred and the plaintiff was injured and damaged as aforesaid."

The defendants' separate demurrers to these counts were overruled. Defendants then entered a joint plea in short by consent.

No argument is here made questioning the rulings on the demurrers to the complaint. Nor is any question raised as to excessiveness of the verdict.

We discuss first the questions pressed upon us by Greyhound. Although it assigns 58 grounds of error, only two points are argued in brief. One charges error in a portion of the trial court's oral charge to the jury and the other concerns the refusal of one of Greyhound's requested written charges.

Exception was taken by Greyhound to the following portion of the oral charge:

"There is another proposition that comes into the matter of burden of proof. Where a bus of this kind is being operated and where there is a wreck of this kind, either a leaving of the road or a turning over, under the law the burden of proof shifts to the common carrier to explain the occurrence and to show there was no negligence in the operation of that bus. That is a rule of law and where that is shown there was such a wreck or an overturning of the bus, the burden is on the Greyhound to acquit itself of negligence in respect to that instance. It is for you gentlemen to say under the evidence whether or not the defendant Greyhound was guilty of negligence in the operation of that bus or in its undertaking to carry the plaintiff as a passenger."

██ It is insisted that it was error to so charge the jury because, under the doctrine of res ipsa loquitur, the burden of going forward shifts but not the burden of proof. Relied on in support of this are Florence Coca Cola Bottling Co. v. Sullivan, 259 Ala. 56, 65 So.2d 169, and Lawson v. Mobile Electric Co., 204 Ala. 318, 85 So. 257. While those cases recognize the principle insisted upon, they are not applicable in the instant case. In this jurisdiction there is a well-recognized exception to the rule when the defendant is a common carrier of passengers for hire. See Southeastern Greyhound Lines v. Callahan, 244 Ala. 449, 454, 13 So.2d 660, 663, where, in a case involving injury to a passenger caused by a defective seat, it was said:

"If the appliance is defective, and such defect was the proximate cause of the injury to a passenger (for hire) the principle of res ipsa loquitur applies. 10 C.J., 1036, section 1432; 13 C.J.S. Carriers § 764.

"It is a prima facie presumption of negligence and takes the place of proof. When it exists the burden of proof is cast by law on the defendant to reasonably satisfy the jury that the defect was not due to its negligence. Montgomery & E. Ry. Co. v. Mallette, supra [92 Ala. 209, 9 So. 363]; Alabama G. S. R. Co. v. Hill, 93 Ala. 514(11), 9 So. 722, 30 Am.St.Rep. 65; Louisville & Nashville R. Co. v. Jones, 83 Ala. 376(2), 3 So. 902; Pollard v. Williams, 238 Ala. 391(2), 191 So. 225; Pollard v. Coulter, 238 Ala. 421, 191 So. 231."

See, also, Nelson v. Lee, 249 Ala. 549, 560, 32 So.2d 22, where the holding in the Southeastern Greyhound Lines case was recognized.

We find no merit in Greyhound's insistence with respect to the oral charge.

Greyhound's requested written charge No. 10, refused by the trial court, is as follows:

"10. The Court charges you that if there is any one of your number that is not reasonably satisfied from the evidence in this case that the plaintiff should have and recover a verdict against The Greyhound Corporation, then and in that event you cannot find against The Greyhound Corporation in this case."

■ This is what is sometimes referred to as a "single juror" charge. Its refusal was not reversible error. Code 1940, Tit. 7, § 273; Southern Railway Company v. Stallings, 268 Ala. 463, 107 So.2d 873, 884–885; City of Birmingham v. Bowen, 254 Ala. 41, 45–46, 47 So.2d 174; City of Bessemer v. Clowdus, 261 Ala. 388, 395, 74 So.2d 259. See, also, Green v. State, 263 Ala. 324, 330, 82 So.2d 418, 423, where, in discussing a charge of similar import in a criminal case, it was said:

"Charge 3–B was held good in a number of the early cases, including Leonard v. State, 150 Ala. 89, 43 So.

214, cited in brief of appellant. However, the later decisions of this court and of the Court of Appeals are to the effect that it is not reversible error to refuse such charges in that they have a tendency to inculcate the idea that the conclusion of each juror should be reached and adhered to without the aid of that consideration and deliberation with his fellows which the law intends shall take place in the jury room.
* * *"

No contention is made by Greyhound that it was entitled to a directed verdict, nor that, under the evidence, the verdict as to it was against the weight of the evidence.

■ With respect to Goodyear, the ultimate and decisive question, it seems to us, is whether the tire failure was due to a defect in its manufacture or was caused by a road hazard, specifically, by an external object striking the tire while being used on the road by Greyhound, so weakening the tire as to cause it to deteriorate and blow out at the time of the wreck. In this connection, it is to be observed that the so-called "manufacturer's liability doctrine", which was fully expounded by Judge Cardozo in the celebrated case of MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696, Ann.Cas.1916C, 440, has been approved in this jurisdiction. Defore v. Bourjois, Inc., 268 Ala. 228, 105 So.2d 846; Miles v. Chrysler Corporation, 238 Ala. 359, 191 So. 245, Sterchi Bros. Stores v. Castleberry, 236 Ala. 349, 182 So. 474; Altorfer Bros. Co. v. Green, 236 Ala. 427, 183 So. 415; Saunders System Birmingham Co. v. Adams, 217 Ala. 621, 117 So. 72, 61 A.L.R. 1333. In Defore v. Bourjois, Inc., supra, [268 Ala. 228, 105 So.2d 848] application of the doctrine was said to apply

"in those limited cases where there is no privity of contract between the ultimate user and the manufacturer and where the manufacturer has negligently placed on the market a product

which is inherently or imminently dangerous to human life · or health, or which, although not dangerous in itself, becomes so when applied to its intended use in the usual and customary manner. * * *"

We have here a situation where the manufacturer (Goodyear) owned the tire when plaintiff was injured, although it was being used by Greyhound under a lease agreement with Goodyear. No point is made that this situation in any way affects applicability of the manufacturer's liability doctrine.

There can be no doubt that plaintiff, as a passenger on the bus, could reasonably be expected to be endangered if the tire, while being used on the bus, was in fact defective. In this connection we note that there appears to be no serious dispute that the wreck resulted from a defect in the tire. If the tire failure was due to a defect in its manufacture and not the road hazard then, of course, there would be no occasion to discuss Goodyear's insistence that the road hazard constituted an independent intervening cause so as to relieve Goodyear of liability.

■ We have carefully considered the evidence. It is voluminous and by no means without conflict. While there is evidence from which the jury could have found in accord with Goodyear's insistence, we are of the view that there is also sufficient evidence supporting the jury's finding that failure of the tire on the occasion complained of resulted from a defect in its manufacture.

No good purpose would be served by discussing the evidence in detail. It is sufficient to note that both the plaintiff and Goodyear had witnesses (no question being raised on the trial as to their qualifications) who testified as to the cause of the tire failure. The evidence offered by plaintiff tended to prove that it was caused by a defect in its manufacture, while the testimony of Goodyear's witnesses was to the effect that an external defect or break in the tread, caused by striking a sharp object, was the cause. The resolvement of this issue was one typically for the jury.

There was evidence to the effect that a driver of the bus noticed a small plug of rubber out of the tire in Nashville before proceeding on to Birmingham. He testified, however, that he did not consider such condition to be dangerous. This simply presented additional evidence bearing on the factual issue as to the cause of the blowout. That is, if the injury to the tire, as observed by the driver, was the cause of the tire's failure at the time of the wreck then, of course, an entirely different situation would be presented concerning Goodyear's liability. But the jury obviously resolved this issue against Goodyear and found, as already noted, that the cause of the tire's failure was a defect in the manufacture of the tire; such finding being supported by the evidence.

■ Goodyear's requested affirmative charges with hypothesis were properly refused. As said in McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135, 139:

"It is only where there is no evidence tending to establish plaintiff's case that the court may direct a verdict for defendant. [Citing cases.] * * * If there is evidence reasonably affording an inference adverse to the right of recovery by the party asking the general charge [citing cases] * * *, or from which the jury might draw an inference adverse to such party, the general charge should not be given [citing cases] * * *. The jury may draw such inferences from the facts proved as they believe· reasonable [citing cases] * * *; and if in any aspect of the case the plaintiff was entitled to recover, and the jury believed the evidence tending to support such phase, the general charge should not be given for defendant [citing cases] * * *; and in determining the propriety of the

general charge the evidence offered by the party against whom it is given must be accepted as true. [Citing cases.] * * *"

From what we have said it follows that the judgment appealed from is due to be affirmed. So ordered.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.