176 So.2d 18

**NORTON COMPANY**

**v.**

**Jack H. HARRELSON.**

**6 Div. 150.**

Supreme Court of Alabama.

May 27, 1965.

Sadler, Sadler, Sullivan & Sharp, Bir-
mingham, for appellant.

Robt. S. Vance and Hogan, Callaway, & Vance, Birmingham, for appellee.

SIMPSON, Justice.

In this case the evidence is that appellant Norton manufactured and placed upon the market a grinding wheel which was purchased by the plaintiff Harrelson's employer. The wheel was designed to be affixed to a grinding machine and used to grind down metal welds. Plaintiff's employer purchased approximately 100 of these wheels each year and the one in question had been placed on the machine earlier during the morning of the accident. It was used for a few minutes by the plaintiff's co-worker before the plaintiff began to use it in the manner shown to be usual and customary and for the purpose intended by Norton. The speed at which the machine was being operated was not as great as the maximum recommended by Norton when grinding with its wheel.

While using the machine the wheel disintegrated, throwing some particles against the roof and wall of the building where plaintiff was working, with one piece cutting his thigh and tearing into his penis. The medical evidence is that this wound to the penis resulted in permanent scar tissue which cannot be removed by further surgery and causing plaintiff pain and discomfort.

There is evidence that the plaintiff is experienced at using grinding machines and the type of wheel in question, as was his co-worker who affixed the wheel to the machine. Following the accident the machine was tested and found to be in proper working condition and not turning at a higher speed than recommended as safe when using these wheels.

The appellant's primary and principal argument is directed to the refusal of the trial court to grant its request for the general affirmative charge with hypothesis and its motion for a new trial. The basis for these arguments is the failure of the plaintiff's evidence to prove that it was negligent in its manufacture by proof of a specific defect in the grinding wheel in question.

The pieces of the wheel were discarded by the plaintiff's employer following the accident and were not available as evidence upon the trial of the case. These pieces were not subjected to any scientific examination for a peculiar latent defect.

There is evidence that Norton had been manufacturing this particular type of wheel for a period of thirteen years and that it performed two quality control tests on each wheel, a visual inspection and a spinning of the wheel at a speed in excess of that recommended for its use. The plaintiff presented evidence through expert witnesses that examination of other Norton wheels of this particular type revealed variations in tensile strength and that under test two other such wheels disintegrated or showed failure when applied to the intended purpose in the customary and usual manner at speeds lower than the maximum recommended by Norton. These same expert witnesses testified as to other scientific tests which might be employed to determine the amount of stress to which such wheels might be subjected for the purpose of revealing any latent defect or propensity for failure and disintegration.

We are of the opinion that this evidence is sufficient to submit to the jury for decision the issue of whether the appellant was negligent in its manufacture of the particular wheel in question.

The evidence appears to be without contradiction that Norton manufactured the wheel, that there was no privity of contract with the plaintiff, that the wheel was being applied to its intended purpose and used in the usual and customary manner. Appellant does not deny that the wheel becomes an article inherently and imminently dangerous to human life and health if negligently manufactured.

The doctrine of manufacturer's liability has been considered by this court in the following cases: Jones v. Gulf States Steel Co., 205 Ala. 291, 88 So. 21 (1921); Sterchi Bros. Stores v. Castleberry, 236 Ala. 349, 182 So. 474 (1938); Altorfer Bros. Co. v. Green, 236 Ala. 427, 183 So. 415 (1938); Miles v. Chrysler Corporation, 238 Ala. 359, 191 So. 245 (1939); Jefferson Standard Life Ins. Co. v. Watson, 242 Ala. 181, 5 So.2d 639 (1942); Crane Co. v. Davis, 242 Ala. 570, 8 So.2d 196 (1942); DeFore v. Bourjois, Inc., 268 Ala. 228, 105 So.2d 846 (1958); Greyhound Corporation v. Brown, 269 Ala. 520, 113 So.2d 916 (1959); and lastly Sears, Roebuck & Co. v. Morris, 273 Ala. 218, 136 So.2d 883 (1962).

This doctrine is applicable in a limited number of situations. The defendant must be either the manufacturer or seller of the injury-producing article. There is no privity of contract between the defendant and the injured plaintiff. At the time complained of the article must have been applied to the use for which it was manufactured and sold and that use must be in the usual and customary manner. Where these circumstances exist the manufacturer or seller will be liable for an injury proximately resulting from the use of the article but only where the article is inherently or imminently dangerous to human life or health, or becomes so when put to its intended use in the proper manner. This liability arises from either the negligent manufacture of the article or negligence in selling it.

There is a distinction between the negligent manufacture of an article, i. e., failure to observe reasonable care in the selection and assembly of component parts, and negligence in failing to observe reasonable care in the design of an article of manufacture. An article may be properly designed and negligently constructed either through use of defective materials or lack of reasonable care in the manner of its assembly. Likewise, there may be an exercise of reasonable care in the selection of materials and the use of reasonable skill in assembly of an article, but the article may be negligently manufactured and sold because of improper design.

While our previous decisions do not fragmentize the duty of the manufacturer to this extent, those cases just cited do illustrate the soundness of this principle. In Miles v. Chrysler Corporation, supra, the manufacturer was found to be negligent in the assembly of a door lock resulting in injury to the plaintiff who fell out the door, there being no evidence that the design was faulty or any defects in the component parts. On the other hand, in Altorfer Bros. Co. v. Green, supra, where there was no evidence of faulty materials or improper assembly, the manufacturer was liable for a design which caused the washing machine wringer to fail to disengage properly. Likewise, in Sears, Roebuck & Company v. Morris, supra, the seller was held liable, not upon proof of negligent manufacture in the use of materials or the manner of assembly of those materials, but for marketing an article without warning that its design was of such a nature that it became dangerous when put to its intended use in a proper manner.

Contrary to appellant's contention, the doctrine of manufacturer's liability does not require proof of a specific defect in the article itself. This exact argument was made in a strikingly similar case involving a grinding wheel similar to the one in our case. Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 190 F.2d 825. The court there said:

"Defendant argues on appeal that there was no evidence of negligence because no witness identified any defect in the wheel. Defendant's version of the law would cast upon a plaintiff in a case such as this an almost impossible burden; for where an abrasive wheel disintegrates, direct proof of the existence of a defect might be virtually impossible. See Zesch v. Abrasive Co. of Phila., 1944, 353 Mo. 558, 183 S.W. 2d 140, 156 A.L.R. 469. The burden of the scientific limitations of our society should not be cast on injured plaintiffs in circumstances such as existed in the instant case." (190 F.2d p. 828)

We concur. In our case as in Trowbridge, the plaintiff did not show a specific defect in the wheel which injured him. It was impossible to do so. However, expert witnesses testified that two identical wheels developed flaws when subjected to rather simple stress testing, and further testified that such tests can be made on such wheels which would disclose defects, which defendant Norton admittedly does not make. There was certainly a scintilla of evidence, if not more, which required the submission of this issue to the jury. We find no error in the court's refusal of the affirmative charge, nor in its denial of the motion for new trial on this ground.

Appellant next contends that the court erred in overruling objections to testimony of plaintiff's expert who testified concerning the tests referred to above. There is no error here. In this case as in Trowbridge, supra, the appellant addresses his argument to the wrong forum. Admittedly not all evidence of experiments or demonstrations is admissible. However, we have said:

"Of course, there must be similarity of conditions to give an experiment sufficient probative value to warrant its admission, and if the conditions were dissimilar in an essential particular, the evidence should be rejected. But the authorities are to the

**90**

effect that it is not necessary that the conditions should be exactly identical. A reasonable or substantial similarity suffices, and lack of exact identity affects only the weight and not the competency of the evidence. It is for the court to determine whether the conditions are sufficiently similar to warrant admission of this proof, and much must be left to the sound discretion of the trial judge." Louisville & Nashville R. Co. v. Sullivan, 244 Ala. 485, 13 So.2d 877.

■ The final argument made by Norton on appeal is that the damages ($40,000) awarded plaintiff are excessive. Related is its argument that the court erred in allowing the plaintiff to testify as to what his doctor told him about the advisability of surgery to correct the damage to his penis. It was improper to allow this hearsay testimony. However, we do not think it prejudicially erroneous. In addition to the plaintiff's hearsay testimony on this subject, there was direct, undisputed testimony by the medical witness, Dr. Barelare to the exact same effect, i. e., that surgery would not do the plaintiff any good, and in fact would probably make his condition worse. The prejudice, if any, to the defendant was nominal and does not constitute error to reverse. See 2A Ala.Digest, Appeal & Error, ☞ No. 1051(1), et seq.

■ On the question of damages, we have a high regard for the rule that the amount fixed by a properly charged jury should be altered only in extreme cases. Reasonable minds can differ on the amount of money sufficient to compensate a plaintiff who has suffered permanent, disabling injury. The amount awarded here is not so outrageous as to clearly indicate that prejudice and bias dictated the figure.

The judgment appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.