The plaintiff appeals from a jury verdict in favor of the defendant, Coca-Cola. We affirm.
This case involves injuries to a minor child, Timothy Meadows, which were sustained when a 32-ounce returnable Coca-Cola bottle exploded in his face, severely injuring one eye. These injuries occurred when the 10-month-old child crawled into the kitchen of his home, opened the cabinet door where the unopened Coke was stored, and turned over the bottle. The bottle then exploded. Timothy's father, Dan Meadows, Jr., filed suit as next friend of Timothy and individually for the medical expenses incurred as well as for physical pain and mental anguish suffered. The plaintiff sought one million dollars damages, and alleged that Coca-Cola:
1) negligently failed to inspect the bottle;
 2) negligently filled the bottle with an excessive amount of pressure;
 3) negligently failed to warn consumers of this danger; and
 4) breached the provisions of the Alabama Extended Manufacturer's Liability Doctrine.
Coca-Cola denied the allegations of the complaint and alleged that the bottle broke as result of an external blow to the bottle. The jury returned a verdict in favor of the defendant, Coca-Cola. A motion for new trial was denied, and the plaintiff appealed.
The plaintiff first contends that the trial judge erroneously ordered the jury to disregard the testimony of plaintiff's expert witness, Mr. Lehman, concerning defects in other 32-ounce Coca-Cola bottles. Mr. Lehman testified that he had examined between 200 and 500 Coca-Cola bottles, and that many of them had surface defects which decreased their strength. While it is true that circumstantial evidence of similar defects in other units of the product in litigation is competent to show that a product is defective, Norton Co. v.Harrelson, 278 Ala. 85, 176 So.2d 18 (1965), before a witness may give his opinion as an expert, the proper predicate for his testimony must be laid. Here, the plaintiff did not lay the proper predicate for Mr. Lehman's testimony as an expert. Mr. Lehman did not state where he got the 200-500 bottles, when he examined them, how he determined the existence of surface defects or how the defects weakened the bottles. Clearly no predicate was laid which would show this witness to have sufficient expertise and knowledge to testify as to his opinion. Moreover, it is in the sound discretion of the trial court to determine the competency of a witness. The trial court's decision will not be disturbed on appeal except for palpable abuse. Russell v. Relax-A-Cizor Sales, Inc., 274 Ala. 244, 147 So.2d 279 (1962). There was no such palpable abuse, thus, it was not error for the trial court to order that Mr. Lehman's testimony be disregarded.
The plaintiff also contends that the trial court erred in refusing to admit into evidence a report of the National Commission on Product Safety which Mr. Lehman testified was a learned treatise and a standard on the subject. In Alabama, a treatise which is testified to by an expert as being a standard on the subject is admissible. Baswell v. Wilks, 57 Ala. App. 98,326 So.2d 292 (1976). Here, however, Mr. Lehman was not shown to be an expert qualified to introduce the treatise.
Similarly, the plaintiff urges that the report was a scientific report of a governmental agency, and thus an exception to the hearsay rule. While it is true that an exception has been recognized for scientific reports of governmental agencies, the treatise still must be testified to by an expert as being a standard in the field. See City ofDothan v. Hardy, 237 Ala. 603, 188 So. 264 (1939). Thus, since Mr. Lehman was not found to be an expert, the report was properly excluded under both exceptions. *Page 828 
The plaintiff contends that the trial court erred in refusing to charge the jury on Coca-Cola's negligent failure to warn consumers of the hazardous nature of Coca-Cola bottles. The trial court did, however, charge the jury as follows:
 It charges that the defendant negligently failed to warn the plaintiff and other members of the consuming public of the unreasonable danger of explosion in use and handling of the said bottles. . . .
We find that this charge is adequate to submit the issue to the jury. Moreover, the jury obviously found that there was no defect in the bottle.
Neither was it error to charge the jury that the existence of an external blow to the bottle would be a defense. While appellant urges that such charge merely states a claim of contributory negligence, without requiring that the blow be the proximate cause of the injury or foreseeable, in actuality the charge does not state an affirmative defense. It merely points out that an external blow to the bottle could be an independent cause of the accident and would prove that the breaking was not proximately caused by the defendant. Thus, the charge was properly given.
The appellant finally contends that the trial court erred in refusing to allow the jury to utilize in its deliberations a diagram drawn by defendant's expert witness on a blackboard. Several witnesses had used and referred to the blackboard, which was attached to the wall. While it is true that a formal proffer of the blackboard is unnecessary, since the nature and character of its frequent use compel that it be recognized as valid evidence, Arrick v. Fanning, 35 Ala. App. 409,47 So.2d 708 (1950), it is within the trial court's discretion whether to allow instruments of evidence to go to the jury room where they could be given undue emphasis and inordinate weight. Ottv. Fox., Ala., 362 So.2d 836 (1978). Since this matter was within the sound discretion of the trial court, it was not error to refuse to allow the blackboard to be taken into the jury room.
The trial court correctly denied the plaintiff's motion for a new trial. The evidence presented at trial conflicted and the case was properly submitted to the jury. There was ample evidence to support the jury's decision. Therefore we will not reverse the trial court for refusing to grant the motion for a new trial. Nix v. Wells, Ala., 355 So.2d 337 (1978).
Let the judgment be affirmed.
AFFIRMED.
All the Justices concur.