This is an appeal from a judgment granting defendants' motions for directed verdict. Appellant Kathy Segler sued in one count for negligent design, manufacture, maintenance and sale of an automobile and in another count under the Alabama Extended Manufacturers' Liability Doctrine. In addition to complaining that the trial court erred in granting directed verdicts for the defendants, Segler contends that the court erred in sustaining objections to proposed expert testimony.
On August 27, 1978, Kathy Segler and her father Curt Segler purchased a 1978 Ford Thunderbird automobile from Ed Sherling Ford in Enterprise, Alabama. Between 10:30 and 11:30 p.m. on March 29, 1980, Kathy was injured when the car ran off Alabama Highway 123 and hit a large oak tree. It had been raining that day, and the roads were wet. Kathy testified that she was going 30 to 35 miles per hour as she approached the curve where the accident occurred. She heard water under the tires and applied the brakes, whereupon the car "grabbed to one side" and skidded off the road. Kathy tried to turn the car back to the left, but the car would not respond. The car skidded into the oak tree and hit it on the right front fender and bumper. *Page 298 
The car was removed from the scene by a wrecker owned and operated by Amorine Ivey. Mr. Ivey testified that as he pulled the car away from the tree, the right front wheel was locked and only began turning once it reached the pavement. Don Howell, the investigating police officer, also stated that the wheel was locked until the car reached the pavement. Mr. Ivey testified that the right front bumper shock absorber had bent rather than collapsed telescopically as it was designed to do. He also found some bolts missing in the right front fender which he believed had never been installed, a conclusion shared by Kathy's father.
Kathy's father, Curt Segler, owned a service station and had been an automobile mechanic for 38 years. When he was asked to give his opinion as an expert as to why the accident happened, the trial court sustained the defendants' objection on the ground that he was not properly qualified. He was allowed to testify on voir dire outside the presence of the jury as to what his opinions were and the basis for them.
One of Segler's contentions was that the brakes locked, causing Kathy to lose control of the car. He stated that a shield, which would protect the brakes from water thrown up from the highway, was not present. However, in giving his opinion that the brakes locked, he added, "Now, whether it locked off of the master cylinder, the equalizer, water getting up between the pad or not, I don't know." The court observed that to let Mr. Segler testify in this regard would be "getting into the realm of speculation."
Mr. Segler also held the opinion that the torsion bars or swaybars were improperly designed, that the front ones were too big and the rear ones too small. He felt that the size of the front bars would make the car more difficult to turn or control. However, on voir dire, he admitted that he had no experience in designing swaybars, that he was not aware of the factors which an engineer or automotive manufacturer would take into consideration in determining the proper dimensions of swaybars, and that he had no formal training or experience that would tell him the proper dimensions a swaybar should have.
When Mr. Segler was asked about the function of the bumper shock absorbers, it was similarly shown that he had no expert knowledge as to their design or purpose. Finally, he was allowed to testify that the bolts which were missing from the right front fender would have added strength to the car.
"The determination of whether a witness is competent to testify as an expert on a particular subject is within the discretion of the trial judge, whose ruling will not be disturbed on appeal unless it was a patent abuse of that discretion." Lucky Mfg. Co. v. Activation, Inc., 406 So.2d 900
(Ala. 1981), citing Ford Motor Co. v. Rodgers, 337 So.2d 736
(Ala. 1976). See also Meadows v. Coca-Cola Bottling, Inc.,392 So.2d 825 (Ala. 1981); Maslankowski v. Beam, 288 Ala. 254,259 So.2d 804 (1972). We see no abuse of that discretion in this case. As shown above, Mr. Segler's qualifications to testify about design defects were sufficiently in dispute that the trial court cannot be held in error for sustaining objections to his testimony. Furthermore, in regard to Mr. Segler's opinion that the brakes locked, he could only speculate as to the cause, so his opinion was not admissible to prove a design defect or negligence.
The trial court did not err in granting the defendants' motions for directed verdict. Without the evidence which Mr. Segler proposed to give, there was no evidence of any defect in the automobile which caused the injury.
 ". . . Liability is not established merely by showing that the product failed in furthering or performing its intended use. . . .
". . .
 ". . . The burden of proof rests with the injured consumer to prove that the product left the defendant's control in an unreasonably dangerous condition not fit for its expected use, and that which rendered the product in such an unfit condition in fact caused the injury. The plaintiff's *Page 299 
burden will not be sustained without evidence to support the conclusion that the product is defective. Restatement (Second) of Torts, § 402A, Comment g."
Sears, Roebuck Co., Inc. v. Haven Hills Farm, Inc.,395 So.2d 991, 995 (Ala. 1981). See also, Atkins v. American MotorsCorp., 335 So.2d 134 (Ala. 1976); Casrell v. Altec Industries,Inc., 335 So.2d 128 (Ala. 1976); Edwards v. Sears, Roebuck Co., 512 F.2d 276 (5th Cir. 1975).
The only evidence of any defect in the car showed that some bolts were missing from the right front fender. Both Segler and Ivey, who repaired the car, testified that this could not have caused Kathy to lose control of the car. Segler testified that the car would have been more solid or stronger with the bolts, but there was no evidence that any such lack of strength proximately contributed to Kathy's injuries. The proof that the bumper shock absorber bent in an unusual manner, that the right front wheel may have locked, and that the front swaybar is larger than the rear one, fails to raise a reasonable inference that these parts were defective or were not properly designed for the use to which they were put. There was no evidence that the bumper shock absorber was designed to lessen an impact of the force and angle at which Kathy's car hit the tree. On the contrary, there was evidence that the absorber was designed to cushion a blow at five to ten miles per hour and would not collapse at an angle. Although there was testimony that the right front wheel locked, there was none before the jury as to why it locked. Mr. Segler testified that a larger swaybar would "make it harder to cut back" and straighten the car after a turn; however, there was no evidence regarding the proper size for a swaybar for the car in question.
When there is not a scintilla of evidence supporting a reasonable inference of liability of the movant, a court should grant a motion for directed verdict. Rule 50 (e), A.R.Civ.P.
 "To be sure, the trial Court must exercise extreme caution not to usurp the fact finding function of the jury; but it is the office of a directed verdict motion (Rule 50 (a)) to test the sufficiency of the opponent's evidence. And where, as here, the strongest tendencies of all the evidence fall short of raising a reasonable inference of the movant's alleged liability, the motion is due to be granted. . . ."
Coburn v. American Liberty Ins. Co., 341 So.2d 717, 719 (Ala. 1977). See also, Alabama Power Co. v. Smith, 409 So.2d 760
(Ala. 1981); United States Fidelity Guaranty Co. v. Jones,356 So.2d 596 (Ala. 1978). The trial court did not err in directing a verdict for defendants.
For the reasons stated, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.