966 F.2d 641
 Prod.Liab.Rep. (CCH) P 13,240
Keith E. GLASSCO and Patricia Glassco, Plaintiffs-Appellants,
v.
MILLER EQUIPMENT COMPANY, INC., Miller Equipment Division of
ESB, Inc., Inco United States, Inc., Defendants-Appellees.
 No. 91-7114.
 United States Court of Appeals,
Eleventh Circuit.
 July 20, 1992.
 
 Joseph M. Cloud, Huntsville, Ala., for plaintiffs-appellants.
 Edward E. Angwin, C. Peter Bolvig, McDaniel, Hall, Conerly & Lusk, P.C., Birmingham, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before KRAVITCH, ANDERSON, and BIRCH, Circuit Judges.
 ANDERSON, Circuit Judge:
 
 
 1
 Appellants, plaintiffs below, appeal from the district court's entry of summary judgment in favor of the defendants, Miller Equipment Company, Inc., and Miller Equipment Division of ESB, Inc. We affirm in part, reverse in part, and remand to the district court.
 
 I. FACTS
 
 2
 On February 24, 1988, Keith Glassco was severely injured when the leather lineman's belt he was wearing broke. At the time he was injured, Glassco was trimming the top of a tree which had been damaged by a recent tornado. Using the safety belt at issue, Glassco had secured himself to the tree which he was trimming. The belt broke at the tongue, allowing him to fall thirty or more feet from the tree to the ground.[1] Glassco's back was broken, causing permanent paralysis. The belt was manufactured by Miller Equipment Company in May 1951 under contract with the United States Army for use in the Korean War. Miller manufactured the belt according to specifications contained in Federal Specification KK-B-00151. The belt was owned by Bobby Sandlin, who had purchased it approximately five years before from a local leather shop.[2]
 
 II. PROCEDURAL HISTORY
 
 3
 Keith Glassco and his wife, Patricia, sued Miller to recover compensatory and punitive damages. Their claims were predicated on the Alabama Extended Manufacturer's Liability Doctrine, negligence and wantonness in the design and manufacture of the lineman's belt, and failure to warn of hazards associated with its use. The district court granted Miller's motion for summary judgment.
 
 III. DISCUSSION
 
 4
 In Boyle v. United Technologies Corp., 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988), the United States Supreme Court defined the circumstances under which a contractor supplying an article to the federal government shares in the government's immunity from tort liability. In order to benefit from the "government contractor defense," the contractor must satisfy both prongs of a two-part test. First, the contractor must establish that its activity involves a "uniquely federal" interest warranting the displacement of state law. Id. at 504, 108 S.Ct. at 2514. Second, the contractor must show either that a "significant conflict" exists between an identifiable federal policy or interest and the operation of state law, or that the application of state law would frustrate the specific operation of federal legislation. Id. at 507, 108 S.Ct. at 2515. A three-part inquiry elaborates the "significant conflict" prong of the test and the scope of the displacement of state law: the government contractor must demonstrate that "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." Id. at 512, 108 S.Ct. at 2518.
 
 
 5
 Appellants argue that their claims are not barred by the government contractor defense. More particularly, appellants focus on three claims: that Miller should not have used leather, but rather should have used a better material; that Miller should have used wider and thicker leather; and that Miller should have warned the government concerning its knowledge of the limited useful life of such a leather belt.[3] Before discussing the application of the Boyle test to each of the three claims, we note at the outset that the first prong of the Boyle test is clearly satisfied. Miller's manufacture of the lineman's belts for the Army was clearly a matter of "uniquely federal" interest. Appellants do not seriously argue otherwise.
 
 
 6
 Applying the balance of the Boyle test to the three claims, we turn first to the claim that Miller should have used a material other than leather. We conclude that any state law duty to use a material other than leather would be in "significant conflict" with the discretionary decision of the government contracting officer in this case to use leather. Applying the first prong of the three-part inquiry, we readily conclude that the government specifications in the instant case were "reasonably precise." The specifications exceeded 11 pages in length, exclusive of detailed drawings. More particularly, however, the requirement that leather be used was precise. With respect to the second prong, there is no question but that the product conformed to the specifications. With respect to the third prong, we conclude that there is no evidence in this summary judgment record that Miller knew of dangers regarding the use of leather which were not known to the government. Appellants suggest that Miller had certain knowledge indicating that leather may have a useful life of no more than 10 years; however, there is no evidence, and in fact appellants have not argued, that knowledge by the government of a 10 year useful life would have affected the decision to use leather. Thus, we readily conclude that the district court correctly granted summary judgment in favor of Miller with respect to appellants' claim that Miller should have used a material other than leather.
 
 
 7
 We next apply the "significant conflict" prong of the Boyle test to appellants' claim that Miller should have used wider and thicker leather. Appellants argue that the first prong of the three-part inquiry--i.e., reasonably precise specifications approved by the government--is not satisfied. Appellants concede that amongst the detailed and precise specifications are precise dimensions for width and thickness. Appellants argue, however, that the specifications are rendered imprecise because the figures are designated as minimum figures. We reject this argument for the following reasons. While it is clear that the government would not have objected to the use of leather that was somewhat wider or somewhat thicker, a common sense construction of the specifications makes it clear that a discretionary decision was made that the designated width and thickness were adequate, and that the government did not consider it appropriate to pay for wider or thicker leather. Thus, we conclude that the mere fact that the figures for width and thickness are designated as minimums does not render the specifications imprecise. With respect to the second prong of the three-party inquiry, we readily conclude from this summary judgment record that the contractor was required to conform to the width and thickness dimensions and did in fact do so. With respect to the third prong, appellants make no argument that Miller had any knowledge with respect to width and thickness that was unavailable to the government.
 
 
 8
 Appellants' third claim is that Miller failed to warn the government and end users that the leather belt would have a limited useful life, i.e., no more than 10 years. After careful consideration, we conclude that the district court's grant of summary judgment, holding that the government contractor defense shielded Miller from this duty to warn claim, is inconsistent with Dorse v. Eagle-Picher Industries, Inc., 898 F.2d 1487 (11th Cir.1990). For this reason, we reverse the grant of summary judgment on this claim and remand for further proceedings.[4]
 
 
 9
 For the foregoing reasons, the judgment of the district court is
 
 
 10
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 [1]
 Appellants contend that Glassco was injured in the fall. There is evidence that some or all of his injuries were caused when a tree limb fell against him with sufficient force to break his back and cause his safety belt to break. However, for purposes of the summary judgment motion, we assume that the injury occurred in the fall itself
 
 
 [2]
 The record does not show how the leather shop owner came into possession of the belt
 
 
 [3]
 Appellants' other arguments on appeal have no merit and warrant no discussion
 
 
 [4]
 Dorse pertains to whether the government contractor defense is available with respect to a duty to warn claim. See id., 898 F.2d at 1489. Because Miller sought and obtained summary judgment based exclusively on the government contractor defense, see R1-17, we do not decide whether it has sufficiently established the elements of an affirmative defense under Alabama's rule that a manufacturer has no duty to warn of open and obvious dangers. See Gurley v. American Honda Motor Co., 505 So.2d 358, 361 (Ala.1987) ("[T]here is no duty to warn when the danger is obvious."); Atkins v. American Motors Corp., 335 So.2d 134, 143 (Ala.1976) (permitting affirmative defense where danger was apparent to the consumer); Altorfer Bros. Co. v. Green, 236 Ala. 427, 183 So. 415, 417 (1938) (creating duty to warn of dangers unknown to the user)